CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUL 15 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| FLOSSIE M. CREWS | ) | CASE NO. 4:04CV00068 |
| Plaintiff, | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| JO ANNE B. BARNHART | ) | By: B. Waugh Crigler |
| Commissioner of Social Security, | ) | U. S. Magistrate Judge |
| Defendant, | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's April 26, 2001 claim for a period of disability, disability insurance benefits and supplemental security income benefits under the Social Security Act (Act), as amended, 42 U.S.C.§§ 416, 423 and 1381 *et seq.*, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render a report to the presiding District Judge setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter REVERSING the Commissioner's final decision but REMANDING the case for further proceedings.

In a decision dated June 7, 2002, an Administrative Law Judge (Law Judge) found that plaintiff was not disabled. (R. 43-52.) Plaintiff appealed, and by Order of the Appeals Council entered on January 31, 2003, the decision was vacated and the case was remanded to the

1

Law Judge with direction to obtain updated medical information, further evaluate plaintiff's residual functional capacity referencing specific evidence in the record in support of the limitations, and obtain supplemental evidence from a Vocational Expert if needed.

In a decision eventually adopted as a final decision of the Commissioner, the Law Judge in his second decision found that plaintiff met the special earnings requirements of the Act through the date of his decision. (R. 32.) He also determined that the medical evidence established plaintiff suffered anemia, hypertension, and borderline diabetes, though he considered only a right knee impairment and a respiratory impairment to be severe impairments. (R. 28.) The Law Judge found that none of plaintiff's impairments met or equaled the requirements of any listed impairment. (*Id.*) Although he found that plaintiff's subjective complaints were only partially credible, the Law Judge determined that plaintiff was unable to perform her past relevant work. (R. 29, 32.) However, he was of the view that plaintiff possessed "the residual functional capacity to perform light work which does not involve lifting more than twenty pounds occasionally and ten pounds frequently," with further limitations in "climbing, crawling, kneeling, and crouching" as well as environmental limitations, and that plaintiff "can sit about six hours in an eight-hour workday, can stand/walk about six hours in an eight hour workday and is unlimited in pushing/pulling with the upper and lower extremities." (R. 32.) With reference to the Medical Vocational Guidelines ("grids") and some of the testimony from a vocational expert (VE), the Law Judge found that jobs were available to plaintiff in the national economy and denied the claim. Accordingly, he found that plaintiff was not disabled under the Act.

While the case was on administrative appeal to the Appeals Council, plaintiff

2

submitted additional evidence. (R. 370-388.) The Appeals Council concluded that neither the additional evidence nor the reasons plaintiff advanced on appeal provided a basis for granting a request for review. (R. 8-11.) Thus, the Appeals Council adopted the Law Judge's decision as a final decision of the Commissioner, and this action ensued.

In the instant case, plaintiff carried her initial burden in the sequential evaluation process by demonstrating the presence of severe impairments that prevent her from performing her past relevant work. 20 C.F.R. §§ 404.1520 and 416.920; *Hunter v. Sullivan*, 993 F.2d 31 (4th Cir. 1992). Thus, the burden shifted to the Commissioner to demonstrate that alternate gainful activity was available to her, which the Commissioner could discharge in this case only by the presentation of vocational evidence because there were non-exertional limitations on plaintiff's ability to perform work-related functions. *Hall v. Harris*, 658 F.2d 260 (4th Cir. 1981); *McLain v. Schweiker*, 715 F.2d 866 (4th Cir. 1983); *Coffman v. Bowen*, 829 F.2d 514 (4th Cir. 1987). In that connection, for the testimony of a VE to be relevant, the VE must have considered all the evidence in the record material to plaintiff's limitations and their effects on his work-related capacity. *Walker v. Bowen*, 889 F.2d 47 (4th Cir. 1989). Otherwise, the Commissioner will not be viewed as having properly discharged his sequential burden.

The Commissioner is charged with making the initial evaluation of the medical evidence, assessing symptoms, signs and findings, and, in the end, determining the functional capacity of the claimant. 20 C.F.R. §§ 404.1527-404.1545; *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). A reviewing court should not disturb the Commissioner's findings of fact if those findings are supported by substantial evidence; however if, without explaining his reasons, a Law Judge does not take into account or ignores some probative evidence, reversal or remand may be necessary. 42 U.S.C. § 405(g); *Laws v. Celebrezze*,

3

368 F. 2d 640 (4th Cir. 1966); *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763 (4th Cir. 2002). This is so because, a reviewing court cannot meaningfully perform its function of assessing whether the agency findings are supported by substantial evidence unless the Commissioner, here through the Law Judge, explicitly indicates the weight given to all of the relevant evidence. See, e.g., *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984); *Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980); *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979). In conducting a judicial review, the court has a "duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Arnold v. Secretary*, 567 F.2d 258, 259 (4th Cir. 1979). Courts may remand a case to the Commissioner for the further development of the evidence where "good cause" has been shown. 42 U.S.C. § 405(g). Failure to provide "a full and fair hearing... and the failure to have such a hearing may constitute good cause sufficient to remand to the [Commissioner] under 42 U.S.C. § 405(g) for the taking of additional evidence." *Sims v. Harris*, 631 F.2d 26, 27 (4th Cir. 1980).

In addition, where evidence is offered on administrative appeal, the Appeals council has a duty to fully and fairly evaluate it and state reasons for denying review. *Riley v. Apfel*, 88 F.Supp 2d 572 (W.D.Va. 2000). Failure to do so may lead to a remand of the case with direction to make findings upon which judicial review might more appropriately occur.

The undersigned is troubled by several aspects of the Law Judge's adopted decision. First, there are marked differences between the findings in the first and second decisions by the same Law Judge which have no corresponding change in the evidence to support. For example, in 2002, the Law Judge found plaintiff suffered severe insulin resistance metabolic syndrome, reactive airways disease, asthma, osteoarthritis of the knees and hypertension. (R. 51. ) In the latest decision, he found only plaintiff's right knee condition and her respiratory impairment to be severe, though he ultimately did conclude she suffered an

4

unspecified combination of impairments which were severe. (R. 28, 32.) The medical evidence adduced in the supplemental proceedings over the year and a half the case was pending on administrative remand does not provide any support for the change in findings or that any of plaintiff's impairments had improved to the point they no longer had more than a minimum impact on her functional capabilities.

Another significant difference in the two decisions relates to stress as a limitation on job-related activities. In the 2002 decision, the Law Judge found plaintiff retained a residual functional capacity for light work "with no hazards and a low amount of stress which allows plaintiff to sit and/or stand at will." (R. 49.) The Appeals Council found that decision did not "indicate what demands of work are considered low stress." (R. 94.) At the second hearing, the Law Judge extensively questioned the VE about what may constitute stress in the workplace, both in general and for the particular plaintiff. However, the Law Judge never addressed the specific inquiry struck by the Council to be addressed on remand, and again, he failed to reference any changes in the evidence permitting such omission. (R. 30.)

Essentially, the law Judge relied on plaintiff's daily activities to support his conclusions that plaintiff's other maladies do not reach the level of "severe," and that she was able to perform work at the light level of exertion. (R. 28, 30.) While the Commissioner certainly has regulatory authority to consider a claimant's daily activities in evaluating a claimant's subjective symptoms, including pain, and their effect on the claimant's ability to perform work-related activities, that authority is not boundless. See, e.g. 20 C.F.R. §§ 404.1529(3)(i) and 416.929(3)(i); *Gross v. Heckler*, 785 F. 2d 1163 (4th Cir. 1986). Daily activities must be vocationally relevant in that they must reveal an ability to perform work-

5

related activity within the constraints and demands of the workplace. *See Miller v. Bowen*, 877 F.2d 60, 1989 WL 64121 (4th Cir. 1989)(UP). Here, there is such an attenuation between plaintiff's daily activities and a vocational setting that, without substantial evidence in the record to support the Commissioner's decision, her daily activities would not provide a substantial evidentiary basis for a conclusion that plaintiff is able to work, or that the maladies previously considered severe no longer are severe.

Additionally, the undersigned is of the view that the evidence submitted on administrative appeal was both new and material and could have affected the Law Judge's decision had it been before him in the first instance. (R. 370-388.) Although the Appeals Council did not consider the evidence new because some of the physician's records had been offered at the hearing, the majority of the evidence had not been received previously into the record. (R. 9.) Moreover, the new evidence demonstrated that plaintiff continued to receive ongoing treatment for all of her maladies, without significant improvement, thus potentially dispelling any notion that plaintiff's impairments had improved from severe to less than severe. (R. 370-388.) This evidence, in fact, may be sufficient to allow for a finding that some of plaintiff's disabilities are more severe than as found by the Law Judge, thus inferring, if not demonstrating, further limitations that were not included in the hypothetical questions addressed to the VE. *See Walker v. Bowen, supra.* There is good cause, at least, to remand the case for further proceedings. *Riley v. Apfel, supra.*

Accordingly, it is RECOMMENDED that an Order enter REVERSING the Commissioner's final decision, but REMANDING the case for further proceedings at the final sequential level. The order of remand should direct that in the event the Commissioner is unable

Case 4:04-cv-00068-JLK-BWC   Document 11   Filed 07/15/05   Page 6 of 7   Pageid#: 24

to grant benefits on the current record, she is to forthwith recommit the case to a Law Judge to conduct supplemental evidentiary proceedings in which vocational evidence is to be taken and in which both sides may introduce additional evidence.

    The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

7/15/05
Date